# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RON HERTEL,**

        **Plaintiff,**

    v.                                                             **Case No. 07-Misc-80**

**EDWARD C. VOCK, in his official capacity
at Forreston State Bank,
and in his personal and individual capacity,**

        **Defendant.**

# DECISION AND ORDER

Plaintiff Ron Hertel ("Hertel") filed this miscellaneous action to enforce a judgment against Defendant Edward C. Vock ("Vock") pursuant to 28 U.S.C. § 1963.[1] Registration of federal judgments obtained in an action for the recovery of money or property is permitted by 28 U.S.C. § 1963. Section 1963 specifies that a certified copy of such a judgment issued by the federal court of appeals, district court, bankruptcy court, may be registered in any other district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

Hertel has submitted a certification of judgment by the "United States Constitutional Court for the District of Illinois," signed and sealed by Joseph Merkel ("Merkel"), of Sussex, Wisconsin, as "the Clerk of the Constitutional Court of the United

---

[1] The same day Hertel filed seven virtually identical actions against seven other defendants.

States, Illinois state."[2] Hertel also filed a "declaratory judgement [sic] in the form of findings of fact and conclusions of law," signed by 12 individuals, which states that Vock "has truly admitted and/or confessed to each and every of the 744 statements made in said True Bill." While the pedigree of the documents filed by Hertel is not entirely clear, they clearly are not the judgment of another federal court.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). Every court has an independent responsibility to determine in every case whether it has subject matter jurisdiction and to dismiss the case if it concludes it does not. *See Pratt Cent. Park Ltd. v. Dames & Moore, Inc.*, 60 F.3d 350, 352-54 (7th Cir. 1995); *Ross v. Inter-Ocean Ins. Co.*, 693 F.2d 659, 660 (7th Cir. 1982). "[N]ot only may the federal courts police subject matter jurisdiction sua sponte, they must." *Hay v. Ind. State Bd. of Tax Com'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The "United States Constitutional Court for the District of Illinois" is not a federal district court. Therefore, this Court must dismiss the action for lack of subject matter jurisdiction. *See e.g. Euro-Am. Coal Trading Inc. v. James Taylor Mining, Inc.*, 431 F. Supp. 2d 705, 707-08 (E.D. Ky. 2006); *Atkinson v. Kestell*, 954 F.Supp. 14, 15 n.2 (D.D.C. 1997), *aff'd sub nom. Atkinson v. Inter-Am. Dev. Bank*, 156 F.3d 1335 (D.C. Cir. 1998);

---

[2]Court records reveal that since January 2006, a total of 34 similar styled actions have been filed in this district. This action is part of the fourth wave of the actions.

Merkel has signed and certified each of the judgments in the eight actions brought by Hertel. Merkel also signed and certified judgments as the "Clerk of the Constitutional Court of the United States, Michigan state" in seven similar actions brought by Daniel W. Williams against various defendants in case numbers 07-Misc-031 through 07-Misc-038.

Merkel was the plaintiff in three of similar actions. *See Merkel v. Kolton,* Case No. 07-Misc-06, *Merkel v. Straka*, Case No. 07-Misc-09, and *Merkel v. Klitzing*, Case No. 07-Misc-010. Merkel also was a signing "juror" in *Stuart v. Miskelly*, Case No. 06-Misc-85, *Stuart v. Schuman*, Case No. 06-Misc-86, and *Stuart v. Neuman*, 06-Misc-87.

*W.S. Frey Co., Inc. v. Precipitation Assocs. of Am., Inc.*, 899 F.Supp 1527, 1528-29 (W.D. Va. 1995).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

This action is **DISMISSED** for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin, this 16th day of August, 2007.

>**BY THE COURT:**
>
>**s/Rudolph T. Randa**
>**HON. RUDOLPH T. RANDA**
>**Chief Judge**